**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-24281-DPG

ESTATE OF ALFREDO J. BARRERA,

      Plaintiff,

v.

WALGREEN CO. *et al*.,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS MATTER** comes before the Court on Plaintiff Estate of Barrera's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). (ECF No. 13). All pretrial dispositive matters have been referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court Judge, for a report and recommendation. (ECF No. 18). The undersigned heard oral argument from the Parties in open court on April 18, 2024. (ECF No. 33). Upon consideration of the Motion, Response, Reply, and oral argument, and being otherwise apprised, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Remand (ECF No. 13) be **GRANTED**.[1]

## I.    BACKGROUND

### A.    Factual Background

On July 27, 2021, Alfredo J. Barrera presented to a Walgreens pharmacy, where Melinda D. Davis was employed as a pharmacist, to receive the Pfizer Covid-19 vaccination. In response to a pharmacy questionnaire, Barrera wrote that he did not know if he had a history of heart disease. The day after receiving his vaccine, Barrera suffered cardiac arrest. It was later determined that

---

[1] Because I recommend that Plaintiff's Motion to Remand be granted for want of subject matter jurisdiction, I further recommend that the Court not resolve Defendants' Motion to Dismiss Plaintiff's State Court Complaint (ECF No. 4).

Barrera was hypertensive and had atherosclerotic cardiovascular disease at the time of his vaccination. Barrera died that same day at Jackson Memorial Hospital; Barrera's Autopsy Report states that Barrera suffered an anaphylactic reaction following the vaccination.

Plaintiff's estate filed a Complaint on July 26, 2023, in the Eleventh Circuit in and for Miami Dade County, Florida. In it, Plaintiff sued Walgreen Co. and Davis for one count of negligence under Florida's Wrongful Death Act, section 768.21, Florida Statutes.

Within thirty days of service of process, Defendants removed the case to the United States District Court for the Southern District of Florida. Plaintiff does not dispute that the Defendants' removal was timely. Defendants posit that this action arises under federal question jurisdiction because the Plaintiff's claim sounds in the Public Readiness and Emergency Preparedness Act ("the PREP Act"), 42 U.S.C. § 247d–6d, *et seq*. Defendants also argue that, pursuant to the PREP Act, the United States District Court in the District of Columbia is the appropriate forum for this action.[2]

A day after filing their Notice of Removal, Defendants filed a Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the Complaint does not meet the PREP Act's requirement that it include an affidavit by Plaintiff attesting to the pleading's truth; Defendants argue that any amendment to add the affidavit would be futile, as Plaintiff's claim would be time barred.[3]

Plaintiff in turn moved to remand, arguing that its Complaint was not covered under the PREP Act. Defendants maintain that this case is subject to federal jurisdiction because the PREP Act completely preempts the Plaintiff's claims as Plaintiff alleges "willful misconduct," the one

---

[2] Defendants have not moved to transfer venue, but did move to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).
[3] The PREP Act provides that a Complaint which fails to meet its verification requirements shall not stop the running of the statute of limitations. PREP Act § 247d-6d(e)(4)(c).

exemption to immunity from a claim pursuant to the PREP Act.  Plaintiff argues that, while the PREP Act may confer a defense for Defendant, the PREP Act is not completely preemptive of Plaintiff's claims.  Alternatively, Defendants argue that the Plaintiff's claim necessarily raises a stated federal issue.

B.    The PREP Act

Before addressing the merits of Plaintiff's Motion, the Court will provide a brief background on the PREP Act, 42 U.S.C. §247(d) to orient the Court's analysis.

The PREP Act entitles the Secretary of Health & Human Services ("Secretary") to declare that a disease or disorder presents a public health emergency, and to publish a declaration of that emergency in the Federal Register.  42 U.S.C. §§ 247d(a), 247d-6d(b)(1).  The Secretary issued such a declaration for the COVID-19 pandemic.  85 Fed. Reg. 15,198 (Mar. 17, 2020).  The Secretary's declaration triggered the immunity protections of PREP, which provide in pertinent part that:

> "**a covered person** shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or **resulting from the administration** to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure."

42 U.S.C. § 247d-6d (emphasis added).

The Parties here dispute whether (1) the injury arose from the "administration" of a covered countermeasure, and (2) whether Davis is a "covered person."

The PREP Act includes in its definition of a covered countermeasure ("Covered Countermeasure") a "qualified pandemic or epidemic product" and a "drug . . . [or] biological product . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act."  *Id.* at § 247d-6d(i)(1).  A "qualified pandemic or

epidemic product" is defined as a drug, biological product, or device that can, among other things, "diagnose, mitigate, prevent, treat, or cure a pandemic or epidemic." *Id.* at § 247d-6d(i)(7).  The Secretary's Fourth Amendment to the Declaration of the COVID-19 public health emergency (the "Fourth Amended Declaration") expands the definition of a Covered Countermeasure to include "any vaccine manufactured, used, designed, developed, modified, licensed, or procured" for the diagnosis, prevention, or treatment of COVID-19. Fourth Amended Declaration, 85 Fed. Reg. at 79,196 (Dec. 9, 2020).

The PREP Act provides only one exception to immunity from liability "for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately **caused by willful misconduct**, as defined pursuant to subsection (c), by such covered person." 42 U.S.C. § 247d-6d (emphasis added).  Willful misconduct is defined as "an act or omission that is taken—(i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id.*

## II.    DISCUSSION

### A.    Legal Standard

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1447(c), district courts must remand cases to state court when subject matter jurisdiction is lacking.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  On a motion to remand, the burden of establishing federal subject matter jurisdiction is on the party removing to federal court. *Miami Beach Cosm. & Plastic Surgery Ctr.*

*v. Blue Cross & Blue Shield of Fla., Inc.*, 947 F. Supp. 2d 1375, 1379 (S.D. Fla. 2013) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Removal statutes are to be strictly construed. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32–33 (2002). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In determining removal jurisdiction, federal courts apply the "well-pleaded complaint" rule, which allows federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.,* 482 U.S. at 392. However, the Supreme Court recognized that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Id.* at 393.

"[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.*

## B.      Complete Preemption Under the PREP Act

To consider the basis of federal jurisdiction, the Court must inquire whether the PREP Act by its nature creates complete preemption and whether the allegations in Plaintiff's Complaint may be applied to the PREP Act. *See Donohue v. PSL Rehab. & Healthcare*, No. 2:23-CV-14027, 2023 WL 5196970, at *2 (S.D. Fla. July 12, 2023).

Defendants must "show that the PREP Act's exclusive federal remedy entirely subsumes the [Plaintiff's] state-law claims." *Dorsett v. Highlands Lake Ctr., LLC*, 557 F. Supp. 3d 1218, 1230 (M.D. Fla. 2021). However, "[c]omplete preemption is rare." *Poet Theatricals Marine, LLC*

*v. Celebrity Cruises, Inc.*, No. 21-10410, 2023 WL 3454614, at *4 (11th Cir. May 15, 2023) (listing the three statutes found by the Supreme Court to completely preempt state law: (1) section 301 of the Labor Management Relations Act; (2) section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974; and (3) sections 85 and 86 of the National Bank Act).  "Thus far, neither the Supreme Court nor the Eleventh Circuit has addressed complete preemption under the PREP Act to support removal jurisdiction." *Est. of Bernice Kennedy v. Rehab. Ctr. At Park Place LLC*, No. 3:21CV2676-MCR-EMT, 2022 WL 19333346, at *6 (N.D. Fla. Feb. 21, 2022). One Court in this District has already found that the PREP Act is not a complete preemption statute. *See Schleider v. GVDB Operations*, LLC, No. 21-80664-CIV, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021) ("The Court joins the nearly unanimous consensus among the district courts across the country that have addressed the issue and have held that the PREP Act is not a complete preemption statute.").

However, the Court need not decide whether the statute creates complete preemption because Defendants still have not supported removal. Defendants must demonstrate that the Plaintiff's state-law claim could have been brought under the PREP Act.  "A state-law claim 'falls within the scope' of an exclusive federal cause of action when 'an individual, at some point in time, could have brought [the state-law] claim under' that exclusive federal cause of action.'" *Poet Theatricals Marine, LLC*, 2023 WL 3454614, at *4 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (alterations in original).

In arguing that its case is not preempted by the PREP Act Plaintiff relies on *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3rd Cir. 2021).  There, the court considered whether plaintiffs' claims for negligence and punitive damages against nursing home defendants during the COVID-19 emergency were preempted by the PREP Act. After assuming that the statute was

preemptive, the *Maglioli* court compared the exclusive cause of action formed by the PREP Act's "willful misconduct" exception against the elements for plaintiffs' state law claims brought by the plaintiffs.  The court reasoned that "complete preemption does not apply when federal law creates an entirely *different* cause of action from the state claims in the complaint." *Id.* at 411 (emphasis in original).  Ultimately, the court ruled that the plaintiffs could not have brought their common law negligence claims under the PREP Act.  The Eleventh Circuit recently endorsed the *Maglioli* Court's regimen of looking to the federal cause of action—not a statute's preemption provision— in assessing complete preemption of another statute. *See Poet Theatricals Marine*, 2023 WL 3454614, at *6 (finding that the Copyright Act, 17 U.S.C. § 301(a), was not completely preemptive and reasoning that the scope of the statute's preemption provision was broader than its cause of action).  Likewise, in *Mitchell v. Advanced HSCS, L.L.C.*, the Fifth Circuit compared the PREP Act against the plaintiff's state law claims to find that the "willful misconduct" claim did not displace the general negligence cause of action.  *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 586–87 (5th Cir. 2022).

Finding the *Maglioli* analysis persuasive, the Court will consider Plaintiff's cause of action against that available under the PREP Act.  Defendants argue that Plaintiff "invokes" the PREP Act by alleging throughout the Complaint that Davis's conduct was "willful misconduct."  Indeed, the Complaint describes Davis's behavior as "willful" eight times.[4]  However, Defendants' argument ignores that Plaintiff's complaint alleges the *elements* of negligence, which is plainly

---

[4]  Plaintiff proffers that this "willful misconduct" language was alleged to support a future punitive damages state law claim. (ECF No. 26 at ¶ 15). In support of this proffer, Plaintiff cited to *Estate of Despain v. Avante Group, Inc.*, 900 So. 2d 637, 640 (Fla. 5th DCA 2005), which defines the standard for punitive damages as "conduct which is willful, wanton, gross or flagrant, reckless, or consciously indifferent." *Id.* at 640.  During oral argument, Defendants responded that under Florida law, punitive damages may not be alleged in the Complaint, therefore Plaintiff's use of "willful misconduct" was in reality an attempt at artfully avoiding the PREP Act's immunity.  Regardless of whether Plaintiff correctly or incorrectly state a claim for punitive damages, the Court will look to the plain language of the PREP Act to determine if it is completely preemptive of Plaintiff's state law claims.

unavailable under the PREP Act.  (ECF No. 1-2); *see also Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (A negligence claim "must allege four elements: a duty, breach of that duty, causation, and damages.").  Plaintiff alleges that Defendants owed a duty of reasonable care to Barrera, a patient and customer, in the administration of the vaccine.  Plaintiff alleges Defendants breached this duty by failing to follow their own procedures, which require the pharmacist to review the patient's questionnaire and, in this case, would have revealed Barrera's answers. The PREP Act's willful misconduct standard is higher than the negligence standard Plaintiff pleads in its Complaint.  "The Act clearly states that its willful-misconduct cause of action creates a standard for liability that is more stringent than a standard of negligence in any form or recklessness." *Mitchell*, 28 F.4th at 586–87 (internal citation omitted).  The Court is not convinced that the PREP Act can be summoned with the words "willful misconduct," especially in light of the heightened pleading standard that the PREP Act imposes:

> In an action under subsection (d), the complaint shall plead with particularity each element of the plaintiff's claim, including--
>
> (A) each act or omission, by each covered person sued, that is alleged to constitute willful misconduct relating to the covered countermeasure administered to or used by the person on whose behalf the complaint was filed;
> (B) facts supporting the allegation that such alleged willful misconduct proximately caused the injury claimed; and
> (C) facts supporting the allegation that the person on whose behalf the complaint was filed suffered death or serious physical injury.

42 U.S.C. § 247d-6d.  The Complaint's allegations as to proximate cause each point to "negligen[t] and careles[s]" actions on the part of Defendants. (ECF No. 1-2 ¶¶ 43 (a)–(e), 44).

As such, the Plaintiff's claim could not have been brought under the PREP Act's cause of action for willful misconduct.  Therefore, the Court recommends that the Plaintiff's claim be remanded.

C.      **Substantial Federal Question Jurisdiction**

In the alternative, Defendants argue that this Court has federal question jurisdiction under the substantial federal question doctrine.   Specifically, Defendants argue that "the Court's resolution of the claims alleged in the Complaint would require interpretation of federal law and regulations in connection with the PREP Act and answering substantial disputed questions of federal law." (ECF No. 22 at 15).

The Supreme Court has set out a circumscribed doctrine that allows a federal court, in certain cases, to hear a state law claim even if it does not arise under federal law because the claim "implicate[s] significant federal issues" and thereby federal-question jurisdiction will exist. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (holding federal question jurisdiction exists over a state quiet title action when the underlying claim turned on the adequacy of the IRS's notice to plaintiff about a tax delinquency before selling the disputed property).   The Court held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313–14).   "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," and such jurisdiction will only lie in a very "narrow" category of cases that "necessarily rest" on a "substantial federal question."  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Accordingly, the Court considers the *Grable* factors in determining whether it has federal jurisdiction over Plaintiff's state law claim.

Defendants argue that the Court's resolution of Plaintiff's claim would require interpretation of federal law and regulations in connection with the PREP Act.  Defendants rely on

the Eleventh Circuit case of *Turbeville v. Fin. Indus. Regul. Auth.*, 874 F.3d 1268, 1273 (11th Cir. 2017).  In *Turbeville*, the court affirmed a district court's denial of a motion to remand in a case that asserted state law claims but implicated section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).  There, the plaintiff's complaint alleged that the basis for state law claims was that defendant, a self-regulatory association of brokers and dealers, violated its own internal procedures and exceed its regulatory authority. Defendants cite to *Turbeville* because the Eleventh Circuit reasoned that the defendant's internal procedures "are promulgated according to the Exchange Act's mandates, interpretation unavoidably involves answering federal questions." *Id.* at 1275. However, *Turbeville* is distinguishable to the case at bar.  In *Turbeville*, the defendant was itself a creature of the Exchange Act, statutorily tasked with enforcing the Act.  *Id.* at 1277.  Accordingly, any claims against the defendant's conduct "in carrying out its disciplinary and disclosure functions under SEC-approved rules . . . . must have been supplied by federal law." *Id.* at 1275.

Here, Defendants are a retail pharmacy and an individual pharmacist.  To whatever extent their internal policies may be informed by the PREP Act—or any other state or federal laws and regulations, for that matter—any claims against those policies would not have been necessarily supplied by federal law as in *Turbeville*.

Turning to the *Grable* factors, Plaintiff raises one claim of negligence against Defendants. Negligence does not "necessarily raise" a federal issue.  *See Donohue*, 2023 WL 5196970, at *4. "The PREP Act, a statute affording immunity, which is a defense, is neither an essential element to any of [the plaintiff's] claims nor causes . . .  to raise a stated federal issue in his complaint." *Dorsett v. Highlands Lake Ctr., LLC*, 557 F. Supp. 3d 1218, 1234 n.8 (M.D. Fla. 2021).

Accordingly, because Defendants have failed to establish federal question jurisdiction, it is therefore the undersigned's recommendation that the Motion to Remand be granted.

### III.    RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** the following:

1.      The Motion to Remand (ECF No. 22) should be **GRANTED**.

2.      This case should be **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Court should direct the Clerk to take all necessary steps and procedures to effect remand of the above-captioned action.

Pursuant to Local Magistrate Rule 4(b), the parties have **fourteen (14) days** from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 31st day of May, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE