UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ESTATE OF ALFREDO J. BARRERA, )
)
    Plaintiff, )
) CASE NO.: 0:23-cv-24281-DPG
v. )
)
WALGREEN CO., and MELINDA D. DAVIS, )
RPH )
)
    Defendant. )
)

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendants, WALGREEN CO. ("Walgreen") and MELINDA D. DAVIS, RPH ("Davis"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §636(b)(1) and S.D. Fla. Local Mag. R. 4(b), hereby file their Objections to Report and Recommendation [ECF No. 34] issued on May 31, 2024, and state as follows:

**I.    Background**

1. This action arises from the death of Alfredo J. Barrera ("Mr. Barrera") on July 28, 2021 after he was allegedly administered a Pfizer COVID-19 vaccination at a Walgreen pharmacy by registered pharmacist, Davis, on July 27, 2021. ECF No. 1-2, ¶¶12-14,22,25,29,31,42.

2. Plaintiff, ESTATE OF ALFREDO J. BARRERA ("Plaintiff"), initiated this action in the Miami-Dade Circuit Court on July 26, 2023 by filing her one-count operative Complaint against Walgreen and Davis. ECF No. 1-2.

3. Throughout the Complaint, Plaintiff alleges that Defendants engaged in profit-driven "willful misconduct" in failing to follow protocol for administering the COVID-19 vaccine, implementing a protocol below the standards of care, and for other actions and inactions related to its administration of the COVID-19 vaccine. *See, e.g.,* ECF No. 1-2, ¶13 ("…[Walgreen], willfully

1

and grossly failed to provide proper training and staff for the healthcare evaluation of the risks involved, and as such constitutes willful misconduct."); ¶15 ("[Walgreens'] protocol required the pharmacist to go over the questionnaire with customers seeking Covid-19 inoculations …but due to the mass inoculation protocol and profit motive, [Walgreen] and [Davis] failed to review those forms with [Mr. Barrera] which constitutes willful misconduct."); ¶16 ("…[Walgreen], employed and supervised Defendant, [Davis], … willfully failed to defer this customer for medical clearance, which would cause a loss of profit to Defendant, [Walgreen]."); ¶17 ("…[Walgreen] … was engaged in the practice to acquire enormous profit by providing to the public and the Decedent, [Mr. Barrera], Covid-19 inoculations in an assembly-line manner, which constituted willful misconduct."); ¶18 ("[Walgreen] employed but willfully failed to supervise [Davis]…therefore [Walgreen] is vicariously liable for the actions and negligence of [Davis] which constitutes willful misconduct by not requiring [Mr. Barrera] to obtain medical clearance."); ¶19 ("[Walgreen] willfully failed to review and react appropriately to [Mr. Barrera's] completed healthcare services questionnaire prior to any Covid-19 inoculation and its willful misconduct violated its own protocols…"); *see also* ECF No. 1-2, ¶¶21,25,28,29. Count I repeats and re-alleges the allegations of the preceding paragraphs 1 through 32 of the Complaint and purports to assert a negligence claim in connection with Mr. Barrera's death. ECF No. 1-2, ¶¶33-44. In addition, under Count I, Plaintiff alleges that the mass process for inoculations included a signature on a Hold Harmless Agreement and that Defendants' failure to review the form with Mr. Barrera "constitutes willful misconduct by the provider." ECF No. 1-2, ¶38. Next, Plaintiff alleges that Defendants had an express duty to warn Mr. Barrera of possible risks to his person or risk of death from the inoculation and that "any such known endangerment was knowingly concealed" from Mr. Barrera

by Walgreen. ECF No. 1-2, ¶39. Plaintiff also alleges that Walgreen is vicariously liable for the "actions, negligence, and willful misconduct" of Davis. ECF No. 1-2, ¶40.

4. On November 7, 2023, Defendants filed a Notice of Removal of the Complaint to this Court pursuant to 28 U.S.C. §1331 on the basis of federal question jurisdiction because the Complaint sounds in an action invoking the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§247d-6d, 247d-6e (the "PREP Act"). ECF No. 1. Defendants also filed a Motion to Dismiss the Complaint in this Court on the grounds that they have immunity to the claims asserted against them under the PREP Act, which are untimely in any event. ECF No. 4, ¶¶3-11.

5. On November 29, 2023, Plaintiff filed a Motion to Remand in this Court pursuant to 28 U.S.C. §1447(c). ECF No. 13. Thereafter, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss [ECF No. 20], but this response exclusively asserted arguments that appeared to support her Motion to Remand.

6. On December 13, 2023, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand [ECF No. 22] and a separate Reply in Support of their Motion to Dismiss [ECF No. 21].

7. Following hearing on the motions [ECF No. 33], on May 31, 2024, Magistrate Judge Lauren Fleischer Louis issued her Report and Recommendations recommending that Plaintiffs' Motion to Remand [ECF No. 13] be granted and that the Court not resolve Defendants' Motion to Dismiss [ECF No. 4] because remand was recommended on the grounds of lack of subject matter jurisdiction. ECF No. 34, p.1 and n.1.

## II. Legal Analysis

### a. Standard of Review

When a Magistrate Judge is designated to submit proposed findings of fact and recommendations for the disposition of a motion, the District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1). Within 14-days of being served with a copy of the proposed findings of fact and recommendations, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the Court. *Id.* Local Magistrate Rule 4(b) provides that a party serving written objections shall specifically identify the portions of the proposed findings, recommendations or report to which the objection is made, the specific basis for such objections and supporting legal authority. S.D. Local Mag. R. 4(b).

The District Judge shall make a *de novo* determination of the portions of the report or specified proposed findings or recommendation of the Magistrate Judge to which objection is made. 28 U.S.C. §636(b)(1). In making an ultimate determination of the matter, the District Judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.,* 896 F.2d 507, 512 (11th Cir. 1990).

### b. The PREP Act

The PREP Act provides that, "[s]ubject to the other provisions of this section, a covered person shall be immune from suit and liability with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. §247d-6d(a)(1). Pursuant to the PREP Act, the sole exception to this immunity "shall be for an exclusive Federal cause of action against a covered person for death or

4

serious physical injury proximately caused by willful misconduct, as defined pursuant to subsection (c), by such covered person." 42 U.S.C. §247d-6d(d)(1). The term "willful misconduct" is defined as "an act or omission that is taken (i)intentionally to achieve a wrongful purpose; (ii)knowingly without legal or factual justification; and (iii)in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." 42 U.S.C. §247d-6d(c)(1)(A). For purposes of a cause of action under the PREP Act, willful misconduct "shall be construed as establishing a standard of liability that is more stringent than a standard of negligence in any form or recklessness." 42 U.S.C. §247d-6d(c)(1)(B).

According to the declaration ("Declaration") issued by the Secretary of Health and Human Services ("Secretary") that COVID-19 constitutes a public health emergency, "covered countermeasures" include "any vaccine, used to … prevent, or mitigate COVID-19. *Declaration under the PREP Act for Medical Countermeasures Against COVID-19*, 85 FR 15198, 15202 (Mar. 17, 2020). Under the PREP Act and amendments to the Declaration, the term "covered person," when used with respect to administration or use of a "covered countermeasure" such as a COVID-19 vaccine, includes retail pharmacies and state-licensed pharmacists who prescribed, administered or dispensed such countermeasure. 42 U.S.C. §247d-6d(i)(2)(B)(ii),(iv); 42 U.S.C. §247d-6d(i)(3); *Fourth Amendment to Declaration under the PREP Act for Medical Countermeasures Against COVID-19,* 85 FR 79190, 79195-96 (Dec. 9, 2020). Thus, based on the allegations of the Complaint, Walgreen and Davis are "covered persons" within the meaning of the PREP Act.

### c. The Complaint allegations establish that Plaintiff's purported state-law claim falls within the scope of the exclusive cause of action created by the PREP Act

At the outset, Plaintiff alleges that Defendants engaged in "willful misconduct" and other willful acts and omissions in connection with their administration of the COVID-19 vaccine in

5

thirteen separate paragraphs throughout the Complaint. *See* ECF No. 1-2, ¶¶13,15,16,17,18,19,21,25,28,29,38,39,40. Plaintiff also alleges that Walgreen profited from the vaccines and shared this profit with its pharmacists and that Defendants' willful misconduct in failing to follow COVID-19 vaccine protocol was profit driven and below the standards applicable to pharmacy practice. ECF No. 1-2, ¶¶10,15,16,17,19,21,28,38. Moreover, Plaintiff alleges that Davis administered the vaccine to Mr. Barrera in willful disregard of "known risks" that the vaccination without medical clearance would have on Mr. Barrera and Defendants knowingly concealed "known endangerment" of the risks from Mr. Barrera. ECF No. 1-2,¶¶25,39,40.

In sum, Plaintiff alleges Defendants engaged in the willful misconduct at issue intentionally to achieve the wrongful purpose of higher profits, knowingly as to the risks of the COVID-19 vaccine to Mr. Barrera and below applicable standards, and in disregard of the known risks. Therefore, based on the allegations of the Complaint, Defendants' alleged willful misconduct and other alleged willful acts and omissions come within the scope of the term "willful misconduct" as defined in the PREP Act. *See* 42 U.S.C. §247d-6d(c)(1).

Count I expressly repeats and re-alleges all allegations contained in the preceding paragraphs 1 through 32, which include the allegations of Defendants' willful misconduct. ECF. No. 1-2, ¶33. Additionally, in paragraph 43 under Count I, Plaintiff alleges that Defendants "proximately caused and contributed to the untimely and premature death of the Decedent, [Mr. Barrera], arising from any, or all of omissions and commissions hereinabove and hereinbelow…" ECF. No. 1-2, ¶43; *see also id.*, ¶32 (alleging Defendants' failure to follow safety protocols proximately caused injury and death of Mr. Barrera), ¶15 (alleging Defendants' failure to review forms per protocol constitutes willful misconduct). As numerous paragraphs preceding paragraph 43 allege that Defendants' acts and omissions relating to their administration of the COVID-19

6

vaccine to Mr. Barrera were willful and constituted "willful misconduct," those willful acts and omissions are alleged to have proximately caused Mr. Barrera's death and the Complaint states a "cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct" pursuant to Section 247d-6d(d)(1) of the PREP Act. *See* ECF No. 1-2, ¶¶13,15-19,21,25,28,29,38-40. Therefore, based on the Complaint allegations, Plaintiff's purported negligence claim falls within the PREP Act's exclusive federal cause of action. 42 U.S.C. §247d-6d(d)(1).

In her Report, Magistrate Judge Louis points out that Plaintiff's Complaint alleges the elements of negligence and that the Complaint's allegations as to proximate cause in paragraphs 43 and 44 each point to "negligent and careless" actions of Defendants. ECF No. 34, pp.7-8. However, as set forth above, paragraph 43 alleges that Defendants "proximately caused" the death of Mr. Barrera "arising from any, or all of omissions and commissions set forth hereinabove and hereinbelow" in the Complaint. ECF 1-2, ¶43 (emphasis supplied). Count I also realleges paragraphs 1 to 32. As explained above, the Complaint is replete with allegations of Defendants' willful acts and omissions and willful misconduct in connection with their administration of the COVID-19 vaccine to Mr. Barrera which mirror subparagraphs 43(a)-(e) in that they are based on the same specific acts and omissions, but characterize such acts and omissions as willful. *Compare* ECF No. 1-2, ¶43(a)-(e) with ¶¶15-17,19,25,28,38-39.

As to the heightened pleading standard imposed by the PREP Act, which Magistrate Judge Louis references in her Report [ECF No. 34 at p.8], the allegations of the Complaint satisfy same and Defendants object to the Report to the extent that those allegations are not acknowledged or addressed. *See* 42 U.S.C. §247d-6d(e)(3). As to specific acts or omissions by Defendants alleged to constitute willful misconduct relating to the administration of the COVID-19 vaccine, as

7

required under 42 U.S.C. §247d-6d(e)(3)(A), the Complaint alleges that Defendants failed to review questionnaire forms for customers seeking COVID-19 vaccines to determine risk with Mr. Barrera, that Walgreen implemented a protocol for mass inoculations to acquire an enormous profit by providing them to Mr. Barrera and the public in an assembly line manner, that Defendants failed to require Mr. Barrera to obtain medical clearance, and willfully ignored standards applicable to pharmacy practice. ECF No. 1-2, ¶¶13,15-19,21,25,28,38,39. As to specific facts supporting the allegations that the alleged willful misconduct proximately caused the injury claimed as required under 42 U.S.C. §247d-6d(e)(3)(B), the Complaint alleges that the Defendants' failure to follow safety protocols on the Vaccine Administration Record (VAR) form in connection with administration of the COVID-19 vaccine proximately caused the injury and death of Mr. Barrera. ECF No. 1-2, ¶¶32,23,15-16,18-19,25,28. As to facts supporting the allegation that decedent Mr. Barrera suffered death or serious physical injury as required under 42 U.S.C. §247d-6d(e)(3)(C), the Complaint alleges Mr. Barrera suffered a cardiac arrest, an anaphylactic reaction and death on July 28, 2021. ECF No. 1-2, ¶¶29-32,41-42. In sum, the Complaint pleads willful misconduct of Defendants with particularity.

In her Report, Magistrate Judge Louis points to recent Eleventh Circuit decision, *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.,* 2023 U.S. App. LEXIS 11836 (11th Cir. 2023), as endorsing the court's regimen in *Maglioli v. Alliance HC Holdings, LLC,* 16 F.4th 393 (3d Cir. 2021), of looking to the federal cause of action in assessing complete preemption of another statute. ECF No. 34 at p.7. The underlying case that gave rise to *Poet Theatricals Marine*, 2023 U.S. App. LEXIS 11836 at *1-2, involved state-law claims which were actually federal copyright claims under the Copyright Act and thus removed to federal district court based on complete preemption. After dismissing all claims except for a state unjust enrichment claim, the district court concluded

the remaining claim was not completely preempted as it fell outside the Copyright Act's scope. It declined to exercise jurisdiction over that claim and remanded.

On appeal, the Eleventh Circuit acknowledged that the complete preemption doctrine serves as an exception or corollary to the well-pleaded complaint rule in determining federal question jurisdiction. *Poet Theatricals Marine,* 2023 U.S. App. LEXIS 11836 at *8-9. Relevant to the analysis here, the *Poet Theatricals Marine* Court explained that a removing party relying on complete preemption must "show that the plaintiff's state-law claim falls within the federal statute's exclusive cause of action. It's only then that the claim is completely preempted, offering a basis for removal." 2023 U.S. App. LEXIS 11836 at *10.

Pertinent to the claims at issue there, the Eleventh Circuit looked to the elements required to establish copyright infringement, which included that the plaintiff must have complied with the Copyright Act's registration requirement. *Poet Theatricals Marine,* 2023 U.S. App. LEXIS 11836 at *11-12. Because the plaintiff below never alleged that it had registered any copyright, the *Poet Theatricals Marine* Court concluded that plaintiff could not have brought a federal copyright claim. Thus, it was not a case where the plaintiff *could have* but did not bring a federal claim and did not do so solely to avoid federal court. Given that plaintiff could not have brought a copyright claim pursuant to the allegations of its complaint, the Eleventh Circuit concluded that plaintiff's state unjust enrichment claim did not fall within the Copyright Act's exclusive cause of action. *Poet Theatricals Marine,* 2023 U.S. App. LEXIS 11836 at *12-13. It held that the Copyright Act did not completely preempt plaintiff's unjust enrichment claim and affirmed remand. *Id*. at *17.

Pursuant to the applicable principles set forth in *Poet Theatricals Marine,* 2023 U.S. App. LEXIS 11836 at *10, Defendants have demonstrated that Plaintiff's purported state negligence claim falls within the PREP Act's "exclusive Federal cause of action" against Defendants "for

9

death … proximately caused by willful misconduct" based on the allegations of the Complaint at issue here. *See* 42 U.S.C. §247d-6d(d). Where the allegations of the Complaint fall within the scope of the PREP Act's cause of action for willful misconduct, Defendants object to the Magistrate Judge's finding that Plaintiff's claim "could not have been brought under the PREP Act" [ECF No. 34, p.8]. Notably, while the overall principles set forth in *Poet Theatricals Marine* aid the analysis here, the facts are distinguishable. In the underlying case in *Poet Theatricals Marine*, the complaint failed to allege a required element for asserting the federal claim at issue and the complaint allegations also established that the state law claim fell outside the exclusive cause of action under the federal statute. Here, by contrast, the Complaint allegations fall within the scope of the PREP Act's exclusive federal cause of action for willful misconduct. As such, Plaintiff's claim could have been brought as a willful misconduct cause of action under the PREP Act.

Similarly, the underlying facts and allegations at issue in *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3d Dist. 2021), are distinguishable, but the Third Circuit Court of Appeals' interpretation of the PREP Act and its provisions is instructive. The *Maglioli* Court found that the PREP Act creates an exclusive federal cause of action for willful misconduct. *Id.* at 407-09. The Third Circuit further held that the "PREP Act's language easily satisfies the standard for complete preemption of particular causes of action" where it provides an exclusive cause of action and sets forth procedures and remedies governing that cause of action. *Id.* at 409 (quoting *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). According to the *Maglioli* Court, the removing party must also show that the state-law claims fall within the scope of this exclusive federal cause of action. *Id.* at 410.

In the underlying case in *Maglioli*, the plaintiffs, which were estates of deceased nursing home residents, alleged that defendant nursing homes acted negligently in handling the COVID-19 pandemic which caused the residents' deaths. *Id.* at 400. On appeal, the Third District clarified that "[t]he estates allege only negligence, not willful misconduct." *Id.* at 411. Indeed, the complaint filed in the U.S. District Court for the District of New Jersey is devoid of allegations that defendants engaged in willful misconduct or any specific willful acts or omissions in connection with their handling of the COVID-19 pandemic. *See Maglioli v. Alliance HC Holdings, LLC, et. al.,* No. 2:20-CV-06605-KM-ESK (D.N.J. May 29, 2020), Notice of Removal of Civil Action, ECF No. 1, pp.15-30. In determining on appeal whether the estates' allegations fell within the scope of the PREP Act's cause of action – "that is, whether the claims *could have* been brought under that section," -- the Third Circuit looked to whether the complaint alleged any acts or omissions within the meaning of the term "willful misconduct" as defined by the PREP Act. 16 F.4th at 411. Because the complaint did not contain any such allegations and was not implied or alleged that the nursing homes acted "intentionally to achieve a wrongful purpose" or "knowingly without legal or factual justification," the Third Circuit held that the estates could not have brought their claims under Section 247d-6d(d)(1) of the PREP Act. *Id.*

Although the *Maglioli* Court's interpretation of the PREP Act is instructive, the facts of that case are distinguishable where the complaint only alleged negligence and contained no specific allegations of willful misconduct or other willful act or omission of the defendants in failing to protect decedents from the COVID-19 virus. Defendants object to the Magistrate Judge's apparent application of the *Maglioli* analysis to find that the subject Complaint alleges only a negligence claim despite this Complaint's specific allegations of "willful misconduct" and willful acts and omissions in the administration of the COVID-19 vaccine. Because the allegations at issue

11

in the complaint in *Maglioli* are distinguishable, the *Maglioli* Court's conclusion that the estates could not have brought their claims under the PREP Act does not support the same finding in this case.

In addition, Defendants object to Magistrate Judge Louis' characterization of the decision of the Fifth Circuit Court of Appeals in *Mitchell v. Advanced HCS, LLC,* 28 F.4th 580 (5th Cir. 2022). Specifically, the Report states that "the Fifth Circuit compared the PREP Act against the plaintiff's state law claims to find that the 'willful misconduct' claim did not displace the general negligence cause of action" in *Mitchell*, 28 F.4th at 586-87 [ECF No. 34, p.7]. However, in complete context, the *Mitchell* decision explains that:

> The [PREP] Act clearly states that its willful-misconduct cause of action creates 'a standard for liability that is more stringent than a standard of *negligence in any form* or recklessness.' 42 U.S.C. §247d-6d(c)(1)(B). [Plaintiff] Mitchell only asserts negligence causes of action. Thus, the existence of the willful-misconduct cause of action cannot completely preempt his claims.

28 F.4th at 587. To the extent that the *Mitchell* Court refers to the existence of a willful misconduct cause of action above, it is clear from the complete context that this is a reference to the general availability of a willful misconduct cause of action under the PREP Act. Contrary to the Report's suggestion, the plaintiff in the underlying case in *Mitchell* only asserted a negligence cause of action and alleged no specific willful misconduct claim. This is further confirmed by the complaint filed in the U.S. District Court for the Northern District of Texas, which is completely devoid of any allegation of willful misconduct or other willful act or omission of defendants. *See Mitchell v. Advanced HCS, LLC,* No. 4:21-CV-00155-P (N.D. Tex. February 12, 2021), Notice of Removal to Federal Court, ECF No. 1, pp.50-64.

Consistent with the Third Circuit's reasoning in *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 409 (3d Dist. 2021), the language of the PREP Act in Section 247d-6d(d) and (e)

12

satisfies the standard for complete preemption where it provides an exclusive cause of action for willful misconduct and sets forth procedures and remedies governing that cause of action. Accordingly, to avoid remand, Defendants must show that Plaintiff's allegations fall within the scope of the PREP Act cause of action for willful misconduct. *See Donohue v. PSL Rehab. & Healthcare,* 2023 U.S. Dist. LEXIS 119837 at *4-5 (S.D. Fla. Jul. 11, 2023). Because Defendants have established that Plaintiff's Complaint allegations fall within the scope of the willful misconduct cause of action under the PREP Act, as set forth in detail above, removal is proper and Defendants object to Magistrate Louis' recommendation that Plaintiff's Motion to Remand be granted for lack of subject matter jurisdiction and that the Court not resolve Defendants' Motion to Dismiss. *See* ECF 34, p.1 fn.1. Further, the Court should dismiss the Complaint where its allegations on their face establish that Plaintiff has failed to comply with the requirements of the PREP Act and that the claim is time-barred. *See* ECF Nos. 4 and 21; 42 U.S.C. §247d-6d(e); §95.11(4)(e), Fla. Stat.

### d.  Substantial federal question jurisdiction exists over Plaintiff's claim

Federal jurisdiction over a state law claim will lie if a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313-14 (2005)). "Under this narrow exception to the well-pleaded complaint rule, federal law 'must be an essential element of the claim; [and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if federal law is given one construction and defeated if it is given another.'" *Trump Miami Resort Mgmt. v. Eden Tours,* 2016 U.S. LEXIS 201489 at *8 (S.D. Fla.

13

Jun. 30, 2016) (quoting *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419, 422 (11th Cir. 1982)).

Here, as set forth in detail above, Plaintiff's purported state negligence claim as alleged in the Complaint falls within the scope of the "exclusive Federal cause of action" for willful misconduct under the PREP Act. *See* 42 U.S.C. §247d-6d(d). Indeed, the Complaint contains numerous allegations that Defendants engaged in willful misconduct and other willful acts and omissions in their alleged administration of the COVID-19 vaccine to Mr. Barrera allegedly resulting in his death. Because the purported negligence claim and Complaint allegations of willful acts and willful misconduct are intertwined, the Complaint raises a federal issue pursuant to the provisions of the PREP Act that is disputed by the parties. For example, as explained above, the Complaint alleges that the same specific acts and omissions in Defendants' alleged administration of the COVID-19 vaccine to Mr. Barrera constitute willful misconduct and negligence or carelessness at the same time.

Accordingly, Defendants object to the Magistrate Judge's Report to the extent that it fails to acknowledge or analyze the Complaint's express allegations of willful misconduct in the determination of whether substantial federal question jurisdiction applies. Considering the Complaint allegations of willful misconduct and the intertwined nature of the allegations with the purported negligence claim, Plaintiff's purported negligence claim raises a federal issue and the Court's resolution of the claim would require interpretation of federal law and regulations in connection with the PREP Act. Therefore, because Defendants have established that removal is proper under the substantial federal question doctrine, they object to the Magistrate Judge's finding that they have failed to establish federal question jurisdiction and recommendation that the Motion to Remand be granted.

### III. Conclusion

WHEREFORE, based on the foregoing reasons and authorities, Defendants, WALGREEN CO., and MELINDA D. DAVIS, RPH, respectfully request that this Court reject the Honorable Magistrate Judge Lauren Fleischer Louis' Report and Recommendations, deny Plaintiff's Motion to Remand [ECF No. 13], and grant Defendants' Motion to Dismiss [ECF No. 4].

Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH LLP
        Counsel for Defendant
        110 SE 6th Street, Suite 2600
        Fort Lauderdale, FL 33301
        Telephone: 954-728-1280

        *s/ Paul J. Gamm*_____
        PAUL J. GAMM
        Florida Bar Number 0577146
        Email: Paul.Gamm@lewisbrisbois.com
        Masha.morhaim@lewisbrisbois.com