UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-24281-GAYLES/LOUIS

ESTATE OF ALFREDO J. BARRERA,

        Plaintiff,

v.

WALGREEN CO. and MELINDA
D. DAVIS, RPH,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (the "Motion") [ECF No. 13]. The action was referred to Magistrate Judge Lauren F. Louis, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 18]. On May 31, 2024, Judge Louis issued her report recommending that the Motion be granted (the "Report"). [ECF No. 34]. Defendants Walgreen Co. and Melinda D. Davis ("Defendants") have timely objected to the Report. [ECF No. 35].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Defendants removed this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida alleging that the Court has subject matter jurisdiction pursuant to the Public Readiness and Emergency Preparedness Act (the "PREP Act"), 42 U.S.C. § 247d-6d, *et seq.* [ECF No. 4]. In her Report, Judge Louis recommends that the Court remand this action because (1) even if the PREP Act completely preempts state law,[1] Plaintiff's state-law wrongful death claim does not fall within the scope of the PREP Act and (2) the Court does not have jurisdiction under the substantial federal question doctrine. [ECF No. 35]. The Court has conducted a de novo review of the Motion and the record, including the arguments raised in Defendants' Objections, and agrees with Judge Louis's findings and recommendation.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)   Judge Louis's Report and Recommendation, [ECF No. 34], is **ADOPTED in full**;

(2)   Plaintiff Estate of Barrera's Motion to Remand Pursuant to 28 U.S.C. § 1447(c), [ECF No. 13], is **GRANTED;**

---

[1] The Eleventh Circuit and the Supreme Court have not ruled on whether the PREP Act completely preempts state-law claims. However, "nearly every other federal court to address the argument" has rejected the theory. *Turner v. Bristol at Tampa Rehab. and Nursing Center, LLC*, No. 8:21-cv-0719, 2021 WL 4261430 at *1 (M.D. Fla. Sep. 20, 2021); *see also Schleider v. GVDB Operations LLC*, No. 21-CV-80664, 2021 WL 2143910 at *3 (S.D. Fla May 24, 2021).

(3) This action is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of June, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE